[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 05 2001
THOMAS K. KAHN
CLERK

No. 99-10565

D. C. Docket No. 99-00024-1-CV-WBH

ROBERT EUGENE LAMB, individually,
JAMES MORRIS LOFTON, individually,
ROBERT C. LEE, individually,
WILLIAM GORDON BAILEY, individually,

Plaintiffs-Appellants,

versus

TURBINE DESIGNS, INC., a Florida corporation

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

**(February 5, 2000)**

Before ANDERSON, Chief Judge, WILSON and HILL, Circuit Judges.

HILL, Circuit Judge:

Robert Eugene Lamb, James Morris Lofton, Robert C. Lee, and William Gordon Bailey, non-residents of Georgia, brought this action in the United States District Court for the Northern District of Georgia claiming that Turbine Design, Inc., also a non-resident of Georgia, violated the Florida Uniform Trade Secrets Act and the Georgia Trade Secrets Act, as well as a variety of other state statutory and common law duties, by misappropriating proprietary flight and engineering data and then improperly disclosing this information in an application filed with the Federal Aviation Administration in Atlanta, Georgia. The district court held that it had no jurisdiction over Turbine Design, Inc. and dismissed the case. Plaintiffs brought this appeal.

After review, we concluded that this diversity case presented the following question of law: in Georgia, is a nonresident subject to personal jurisdiction under the Georgia long-arm statute when he improperly discloses another nonresident's trade secret to a federal agency at its Georgia office? As there was no controlling Georgia authority, we certified this issue to the Georgia Supreme Court.

On January 9, 2001, the Georgia Supreme Court answered this question in the negative. In a well-reasoned opinion, the court adopted the "government contacts" exception to the exercise of personal jurisdiction under Georgia's long-arm statute and held that where a nonresident's sole contact with Georgia is with a

governmental entity located within Georgia, that contact is insufficient to justify the exercise of personal jurisdiction by a Georgia court over that nonresident. Since the sole contact of the defendants in this case with Georgia was the petitioning of the Federal Aviation Administration in Atlanta, we conclude that the Georgia district court correctly held that it did not have personal jurisdiction over these defendants.

Accordingly, the judgment of the district court is AFFIRMED.